**In re Joel D. JOSEPH, Debtor.**

**No. 03–11342–DK.**

United States Bankruptcy Court,
D. Maryland.

Aug. 20, 2003.

[redacted]

James M. Greenan, McNamee, Hoesea, et al., Greenbelt, MD, for Debtor.

Marc E. Shach, Office of the U.S. Trustee, Greenbelt, MD, for U.S. Trustee.

***MEMORANDUM OF DECISION***

DUNCAN W. KEIR, Bankruptcy Judge.

Before the court is the United States Trustee's Motion to Dismiss with Prejudice (the "Motion to Dismiss"), asserting that the Debtor has improperly filed this chapter 11 reorganization case for the sole purpose of creating unreasonable delay to creditors. In support of dismissal, the United States Trustee points to prior bankruptcy cases that were filed by Debtor on his own behalf or on behalf of his fourteen year old son.[1] At a hearing held on April 29, 2003 (the "Hearing"), Debtor, by counsel, argued that the case was filed for the bona fide reason of reorganization of his finances, though he acknowledged that his sole goal in filing this case was to save his residence which has been the subject of a foreclosure action in the Circuit Court for Montgomery County, Maryland. At the Hearing, the parties acknowledged the undisputed facts concerning the foreclosure action and at the invitation of the court the Debtor and holder of the deed of trust note ("Mortgagee")[2] submitted post-hearing briefs on the legal issues.

For the reasons stated herein, this court finds cause to dismiss this Chapter 11 case. The Debtor's attempt to "reorganize" the mortgage debt and to save the residence is precluded by the consequences of final orders entered by the Circuit Court for Montgomery County in the foreclosure case, which rights cannot be resuscitated in this bankruptcy case, nor the orders of the state court collaterally attacked herein.

Subsequent to the dismissal of the prior bankruptcy cases, a foreclosure action was prosecuted by the trustee(s) (hereinafter referred to as the ("DOT Trustee")) under a deed of trust securing a loan to Ocwen Federal Savings Bank. A foreclosure sale was conducted and the property "struck down" to the highest bidder who executed a contract to purchase. That Initial Bid Purchaser was Debtor herein, Joel D. Joseph.[3] The foreclosure sale was ratified

1. Debtor previously filed Case No. 00–17953, which was dismissed, subject to a bar against a new bankruptcy case filing for 180 days. Debtor, being barred from re-filing, and in an attempt to stop a foreclosure of the residence, filed a case in the name of his son, Case No. 01–21293, *In re Alex Singer Joseph*. The case of Alex Singer Joseph was dismissed upon the court finding that it was a constructive violation of 11 U.S.C. § 109(g).

2. The only other secured creditor (other than the mortgagee) is DaimlerChrysler Services North America LLC, which has already been granted relief from stay in this case as to its lien upon a motor vehicle.

Debtor scheduled only one unsecured creditor that holds a debt greater than $605.00. That creditor, KC Company, had commenced a collection action in state court prior to the filing of the bankruptcy and has communicated to the Office of the United States Trustee the position that it prefers to pursue its rights as a creditor outside of the bankruptcy case and therefore supports the dismissal.

3. Because Debtor was both the mortgagor of the property and the Initial Bid Purchaser at

by order of the Circuit Court. Under the terms of the sale, the Initial Bid Purchaser was required to complete the sale within ten days of ratification, however, Initial Bid Purchaser failed to perform under the purchase contract and defaulted thereupon. Upon the Initial Bid Purchaser's contract default, the Circuit Court entered an order to resell the property at the risk of the defaulted Initial Bid Purchaser. A subsequent re-auction of the premises occurred and the property was struck down to a new third-party buyer.

As explained by this court in *In re Denny*, 242 B.R. 593, 596 (Bankr.Md.1999), after the initial auction sale, Mortgagor had no further right to redeem the property by payment of the debt secured by the deed of trust. Instead Initial Bid Purchaser acquired equitable title to the property at the conclusion of the auction, subject to the ratification by the Circuit Court. *Id.* at p. 597, fn. 4 (citing *Merryman v. Bremmer*, 250 Md. 1, 241 A.2d 558, 563–64 (1968)). Thus in the instant case, at the conclusion of the auction the debtor lost all rights held as Mortgagor in the property, that could be reorganized in a subsequent bankruptcy case, subject only to restoration of such rights had ratification been denied, *Denny, supra.* However, ratification was granted by the Circuit Court and thus restoration of Mortgagor's rights did not occur.

Nonetheless, Debtor asserts (without providing explicit analysis), that upon the default by Debtor as Initial Bid Purchaser, and an order by the Circuit Court empowering the DOT Trustee to resell at the risk of Initial Bid Purchaser, there were rights either restored to Debtor as Mortgagor or

otherwise appertaining to Debtor in this bankruptcy case. The Debtor's assertions are incorrect. The failure by Debtor as Initial Bid Purchaser to pay the contract purchase price and thereby acquire legal title did not restore any rights to Debtor as Mortgagor. The failure of performance by Bid Purchaser had no effect as to the terminated rights of the Debtor as Mortgagor.[4]

Nevertheless, Debtor also occupied the position of Initial Bid Purchaser and so this court must analyze the rights of Initial Bid Purchaser to ascertain whether that status caused Debtor to hold rights in the property at the time of the petition in bankruptcy. As stated above and in the *In re Denny* decision, upon being the successful bidder at the initial auction sale, Initial Bid Purchaser became a contract purchaser holding equitable title with a right to obtain legal title upon performance of the contract. *Denny*, 242 B.R. at 596–97. *See also Union Trust Co. v. Biggs*, 153 Md. 50, 56, 137 A. 509, 512 (1927); *In re DeSouza*, 135 B.R. 793, 795 (Bankr.D.Md.1991). Subsequently, when Initial Bid Purchaser failed to pay the purchase price as provided for under the terms of the contract, that default terminated Initial Bid Purchaser's rights as holder of equitable title. From the point of default forward, Initial Bid Purchaser could no longer enforce the contract against the seller (DOT Trustee) but remained liable for any breach of contract damages caused by Initial Bid Purchaser's default. Md. R. 14–305(g) ("If the purchaser defaults, the court, on application and after notice to the purchaser, may order a resale at the risk and expense of

the first auction sale, he shall be referred to as "Mortgagor" or "Initial Bid Purchaser," where applicable, to delineate the separate rights of these two different legal parties in the foreclosure process.

4. Citing *Merryman, supra.*

the purchaser or may take any other appropriate action.").

A subsequent re-auction of the premises in accordance with the Circuit Court's order was conducted. A third party purchaser was the high bidder and, as a consequence of such bid, became the holder of equitable title from the point at which the gavel fell in that auction. Debtor has filed exceptions to ratification of that second sale. However, the grant or denial of ratification of the re-sale will not restore to the Debtor any *in rem* interest in the property. Such a determination will solely impact the potential liability of the Debtor for damages for failure to perform the first auction contract. The Circuit Court must determine whether the exceptions have merit.

From the analysis set forth hereinabove, this court concludes that Debtor held no interests in the property which could be reorganized in this bankruptcy case, at the time that the petition in this case was filed. As the sole purpose of this Chapter 11 case was a further attempt to fend off foreclosure and keep the property for Debtor and Debtor's family, no legitimate purpose exists for this case to continue forward. This case should be dismissed for cause as a result of the lack of legitimate goal and purpose for its existence.

In addition, the facts demonstrate both the objective futility of this case, as well as the subjective wrongful intent of the Debtor in filing it. After the failure of Debtor's first case, Debtor improperly filed a case in the name of Debtor's minor son in an attempt to circumvent the bar against refiling imposed by Congress under 11 U.S.C. § 109(g). After the dismissal of that second case and after the foreclosure described above, Debtor has filed this case in an attempt to spring board back into rights no longer held by Debtor. For the reasons set forth in the case of *Carolin*

*Corp. v. Miller,* 886 F.2d 693 (4th Cir. 1989), this case is to be dismissed for reason of Debtor's bad faith. An Order in conformity with this ruling will be entered.